STUART R. FRAENKEL (SBN 173991)
ANDREW B. PORTER (SBN 310066)
**NELSON & FRAENKEL, LLP**
707 Wilshire Blvd, Suite 3600
Los Angeles, CA 90017
Tel.: (844) 622-6469
Fax: (213) 622-6019
stuart@nflawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MEHRAN TOOSMANESH, individually, and as Guardian of SABRINA TOOSMANESH, a minor<br><br>Plaintiffs,<br>v.<br><br>TURKISH AIRLINES, Inc., and DOES 1-10, inclusive.<br><br>Defendants. | Case No.<br><br>**PLAINTIFFS' COMPLAINT FOR PERSONAL INJURY DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MEHRAN TOOSMANESH, individually, and as Guardian of SABRINA TOOSMANESH, by their attorneys, for their complaint against TURKISH AIRLINES, and DOES 1-10, inclusive, for damages for personal injury, respectfully allege as follows:

## SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, May 28, 1999) (hereinafter the "Montreal Convention"), which both the United States of America and Turkey have signed and adopted. Specifically, under Article 33(2) of the Montreal Convention, Plaintiffs MEHRAN and SABRINA TOOSHMANESH have their principal and permanent residence in this district; TURKISH AIRLINES operates services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement in this District; and TURKISH AIRLINES conducts its business of carriage of passengers by air from premises leased or owned by the carrier itself or by another carrier with which it has a commercial agreement in this District.

2. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

3. This court has personal jurisdiction over Defendants, in that,

   a. TURKISH AIRLINES is, and was at the time of the incident, registered as a business entity with the California Secretary of State, with an active status. TURKISH AIRLINES is and was doing substantial business in and had contacts with the State of California sufficient for this court to exercise jurisdiction. TURKISH AIRLINES is a common carrier and is in the business of operating and maintaining commercial aircrafts and providing travel for hire aboard its aircrafts in this District;

   b. The events which precipitated this action occurred, in part, in Los Angeles, California.

///
///
///

## VENUE

4. Venue in the Central District of California, Western Division, is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the claims as alleged herein occurred in this District and/or Defendants are otherwise subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiffs MEHRAN and SABRINA TOOSMANESH were and are citizens of California and permanently reside in Los Angeles County.

6. Defendant TURKISH AIRLINES was and is a common carrier based in Istanbul, Turkey, and is engaged in the business of operating a commercial airline out of various airports throughout the world, including Los Angeles International Airport.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and on such information and belief allege that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiffs.

8. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

## GENERAL ALLEGATIONS

9. On or about June 2, 2015, Defendant TURKISH AIRLINES operated Flight 889 from Mashad, Iran to Istanbul, Turkey (hereinafter, "Subject Flight"), before continuing on to Los Angeles, California later on or about June 2, 2015.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

10. On or about June 2, 2015, Plaintiffs MEHRAN and SABRINA TOOSMANESH were passengers aboard the Subject Flight pursuant to a round trip ticket for air travel providing transportation to Los Angeles, California from Mashad, Iran.

11. At all material times, TURKISH AIRLINES entered into the contracts of carriage with Plaintiffs MEHRAN and SABRINA TOOSMANESH and was in control of, and responsible for, their safe transport.

12. Mr. TOOSMANESH was seated in an aisle seat during the Subject Flight.

13. Approximately two hours into the flight to Istanbul, as the cabin crew was performing the dinner service, Mr. TOOSMANESH was provided with a cup of hot water for tea.

14. SABRINA TOOSMANESH was laying across her parents' laps with her feet on her father's lap.

15. As the water was sitting on MEHRAN's pull-down tray, a TURKISH AIRLINES flight attendant negligently hit the pull-down table causing the scalding hot water to spill onto both MEHRAN and SABRINA TOOSMANESH, resulting in serious and painful burns to both individuals.

16. During the rest of the Subject Flight, MEHRAN and his wife, Toktam, treated SABRINA's burn with ointment and bandages from the aircraft's onboard first-aid kit. MEHRAN also went to the lavatory and applied some of the ointment to his burns.

17. After landing in Istanbul, Mehran and Toktam asked a Turkish Airlines supervisor for medical assistance for Sabrina, which was initially refused. Eventually a physician was summoned by the Defendant.

18. The physician unwrapped SABRINA's ankle, examined the burn and took some photographs of it, put on more ointment, re-bandaged it, and wrote a prescription for children's Ibuprofen for Sabrina and silver cream for SABRINA and MEHRAN.

19. Plaintiffs MEHRAN and SABRINA TOOSMANESH endured the entire flight to Los Angeles in utter discomfort due to the pain and irritation from the burns.

20. As a direct and proximate result of the careless, negligent, wanton, reckless, intentional acts and/or omissions, and violation of law of Defendants, and each of them, as stated herein, MEHRAN and SABRINA TOOSMANESH suffered serious injuries, including severe and excruciating pain, distressing mental anguish, emotional distress and general shock as a result of said injuries.

## CAUSE OF ACTION

**(Violation of Article 17 of Montreal Convention)**
**By Plaintiffs Mehran and Sabrina Toosmanesh Against Turkish Airlines and Does 1 Through 10, Inclusive**

21. Plaintiffs refer to each and every paragraph above and incorporates those paragraphs as though set forth in full in this cause of action.

22. Pursuant to Article 17 of the Montreal Convention, Defendant TURKISH AIRLINES is absolutely liable for damages sustained by Plaintiffs MEHRAN and SABRINA TOOSMANESH as passengers aboard Flight 889, as said damages occurred while Plaintiffs were on board the Subject Flight and/or in the course of the operations of the Subject Flight.

23. Defendant TURKISH AIRLINES was in exclusive control of Flight 889 and owed non-delegable duties to all passengers for its safe operation at all modes of the flight, including when passengers were aboard the plane heading to Istanbul, Turkey on or about June 2, 2015.

24. Defendant failed to keep Plaintiffs MEHRAN and SABRINA TOOSMANESH safe throughout the flight when the flight attendant hit Mr. TOOSMANESH's pull-down tray table spilling the hot water on his lap causing serious burns to him and his daughter.

25. As a result of both MEHRAN and SABRINA TOOSMANESH being injured while aboard the aircraft, Defendant TURKISH AIRLINES breached their non-delegable duties by failing to observe a most fundamental procedure for flight attendants when traveling by not taking appropriate precautions to move carefully through the aisle during dinner service.

26. As a direct and proximate result of the careless, negligent, wanton, reckless, intentional acts and/or omissions, and violation of law of Defendants, and each of them, as stated herein, Plaintiffs MEHRAN and SABRINA TOOSMANESH suffered serious injuries.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

In addition, Plaintiffs suffered severe and excruciating pain, distressing mental anguish, emotional distress and general shock as a result of said injuries.

27. In the treatment of the aforementioned injuries, Plaintiffs MEHRAN and SABRINA TOOSMANESH were compelled to and did employ the services of physicians and other medical personnel, and was compelled to and did incur incidental expenses relative to the care and treatment of said injuries. Mr. TOOSMANESH is informed and believes and thereon alleges that he and his daughter will be compelled to seek further treatment in the future for care of said injuries and to incur further reasonable bills for the same. Mr. TOOSMANESH will give proof of both past and future claimed medical and related expenses at the time of trial.

28. As a further direct and proximate result of the negligence, carelessness and violation of law of the Defendants, and each of them, Plaintiff TOOSMANESH lost the money that he spent on his family vacation. Plaintiff will give proof of said loss at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

1. Damages to be awarded in an amount to be determined at trial, including general, special, and compensatory damages;
2. For medical and related expenses in an amount to be determined at trial;
3. For lost earnings, past and future, in an amount to be determined at trial;
4. For interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: January 11, 2017

NELSON & FRAENKEL LLP

Stuart R. Fraenkel
Andrew B. Porter
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial.

Dated: January 11, 2017

NELSON & FRAENKEL LLP

Stuart R. Fraenkel
Andrew B. Porter
*Attorneys for Plaintiff*