UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 17-0580-MWF (AGRx)**                     Date:  **May 9, 2017**

Title:     Mehran Toosmanesh, et al. -v- Turkish Airlines, Inc., et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                   None Present

**Proceedings (In Chambers)**:  ORDER RE APPLICATION TO FILE DOCUMENT UNDER SEAL [14];  EX PARTE APPLICATION [17]; MOTION FOR AN ORDER APPROVING THE COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFF

    Plaintiffs have lodged their Motion for an Order Approving the Compromise of the Claims of the Minor (the "Motion" (Docket No. 16-2)) and their Application to file the same under seal (Docket No. 14).  Plaintiffs have also filed their unopposed Ex Parte Application to Shorten Time for Hearing.  (Docket No. 17).  The Court has considered the filings and **GRANTS** the Application to File Under Seal, the Ex Parte Application, and the Motion for an Order Approving the Compromise of the Claims of the Minor.

    Having reviewed and considered the papers submitted on the Motion, the Court deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15.

    This Order is virtually the same as the version filed under seal; information on the precise amount of the settlement and the nature of the minor's injuries has been removed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 17-0580-MWF (AGRx)**            Date:  **May 9, 2017**

Title:     Mehran Toosmanesh, et al. -v- Turkish Airlines, Inc., et al.

The Court agrees with Plaintiffs that the Motion and accompanying documents should be filed under seal given their confidential nature. The documents contain information regarding the minor Plaintiff and the injuries suffered by the minor. In addition, the documents reveal the amount of the settlement and the manner in which the payment will be made to the minor.

Federal Rule of Civil Procedure 17(c) requires the Court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* That is, the "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation marks and citations omitted). The Court should focus its inquiry on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182.

The Local Rules of this District, moreover, provide that "[i]nsofar as practicable, hearings on petitions to . . . compromise . . . a claim in an action involving a minor or incompetent person shall conform to Cal. Code Civ. Proc. § 372 and California Rule of Court 3.1384." Local Rule 83-5.2. Rule 3.1384, in turn, requires a petition for approval of a minor's compromise to comply with Rules 7.950–7.952. Cal. R. Ct. 3.1384. These provisions require, as pertinent here, verification of the petition to approve settlement of the minor's claims; disclosure of all information that has any bearing on the reasonableness of the settlement; and disclosure of certain information regarding any attorneys who assisted in drafting the petition. Cal. Code Civ. Proc. § 372; Cal R. Ct. 7.950–7.952.

The Petition complies with all of these requirements. This Court finds that the net amount distributed to Plaintiff S.T. is fair, reasonable, and in the best interests of the minor. *Robidoux*, 638 F.3d at 1181–82.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 17-0580-MWF (AGRx)**              Date:  **May 9, 2017**

Title:     Mehran Toosmanesh, et al. -v- Turkish Airlines, Inc., et al.

The Petition has been verified by Plaintiff S.T.'s guardian ad litem. (Sealed Declaration of Mehran Toosmanesh in Support of Motion for Approval of Compromise of Minor's Claim (Docket No. 16-5)). The Motion recites the procedural history of this case, information about the settlement terms, and details of the proposed payment to Plaintiff S.T.

With regard to attorney's fees, Local Rule 17-1.4 requires the Court to fix the amount of attorney's fees in "all actions involving the claim of a minor." Local Rule 17-1.4. Meanwhile, *Robidoux* requires that "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Robidoux*, 638 F.3d at 1182. Here, Plaintiffs' counsel Mr. Wyner seeks 25% of the total settlement amount paid to S.T. and Mr. Toosmanesh, which the Court concludes is reasonable in light of the difficulty involved in prosecuting this action, and the amount of time expended to reach a settlement.

Accordingly, the Motion for an Order Approving the Compromise of the Claims of Minor Plaintiff is **GRANTED**. The Court **ORDERS** that settlement proceeds be distributed in the manner described in the Motion at 7–9.

IT IS SO ORDERED.